UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of

      QUEBECOR WORLD (USA), INC. et al.,

                      Debtors.
_____

BINSWANGER CORPORATION SERVICE, INC.,

                      No. 13 Civ. 8654 (LTS)(FM)

                      Appellant,

  -against-

EUGENE DAVIS,

                      Appellee.
_____

## ORDER

        Appellant Binswanger Corporate Services, Inc. ("Binswanger") appeals a monetary judgment entered in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") on October 15, 2013 ("October 15 Order"), granting Eugene Davis's ("Appellee") motion for summary judgment. The Court assumes the parties' familiarity with the background and facts set forth in Bankruptcy Judge Sean Lane's September 25, 2013, Memorandum of Decision ("Memorandum of Decision").

        Judge Lane found that the undisputed evidence demonstrated that a commission payment Binswanger received from Debtors was a recoverable preferential transfer pursuant to Section 547(b) of Title 11 of the United States Code and that Defendant Binswanger did not "present[] sufficient evidence to establish existence of the elements necessary for the ordinary course of business defense under Section 547(c)(2)(A)" of Title 11. (Memorandum of Decision at 9.)

The Court reviews the Bankruptcy Court's decision to grant summary judgment <u>de novo</u>.  <u>In re Northwest Airlines Corp.</u>, Civ. No. 08-4742(GBD), 2010 WL 3529239, *2 (S.D.N.Y. Aug. 26, 2010).  The Court has carefully examined all of the parties' submissions.  Appellant, which had the burden of proving its affirmative defense (i.e., the applicability of 11 U.S.C. § 547(c)(2)(A)), failed to present evidence sufficient to demonstrate that the contested commission payment was made in the ordinary course of business or financial affairs of the Debtor and Appellant.  Among other things, Appellant did not provide evidence that the type of transaction (commission for brokerage of a property donation) was one in which the two entities had previously engaged.  For the reasons stated by Judge Lane in his thorough and well-reasoned Memorandum of Decision, the Bankruptcy Court's October 15 Order is AFFIRMED.

This Order resolves the appeal (dkt entry no. 1).  The Clerk of Court is requested to enter judgment affirming the October 15, 2013, Order of the Bankruptcy Court and to close this case.

SO ORDERED.

Dated: New York, New York
March 25, 2014

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge